MEMORANDUM **
Janer Valencia Cortes (“Petitioner”) petitions for review of a decision by the Board of Immigration Appeals (“BIA”) affirming the denial of his applications for *706 asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”).
The Immigration Judge (“IJ”) denied relief on two alternative and independent grounds: an adverse credibility finding and the lack of a nexus to a protected ground. The BIA affirmed on both. We deny the Petition.
Petitioner testified to multiple confrontations with unknown agents of the Fuer-zas Armadas Revolucionarias de Colombia (“FARC”) who, according to his testimony, recognized him as a member of the military despite not personally knowing him. He testified that they shot at him repeatedly and unsuccessfully, compelling him to go to the police and then to escape Colombia in a boat for Panama. Finding the testimony implausible, the IJ found Petitioner to lack credibility after he was unable to supply corroboration by way of a police report, or by any mention of the armed encounters in the letters he produced from relatives. The evidence does not compel a contrary conclusion on credibility. See INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The decision was not based on speculation or conjecture about what the attackers would do, but on the improbability of Petitioner’s own conduct. Cf. Lopez-Reyes v. INS, 79 F.Bd 908, 912 (9th Cir.1996) (rejecting adverse credibility finding based on IJ’s speculation that the attackers would have killed the petitioner).
Even assuming Petitioner testified credibly, however, his testimony does not establish that his treatment by the FARC agents was on account of a protected ground. INA § 241(b)(8)(A). The alleged confrontations were prompted by Petitioner’s association with the military and not by any of his political opinions or beliefs. Cruz-Navarro v. INS, 282 F.3d 1024, 1028-29 (9th Cir.2000); Arriaga-Barrien-tos v. INS, 937 F.2d 411, 414 (9th Cir.1991). The evidence does not compel the conclusion that Petitioner’s political opinion was a central reason for the attack. See 8 U.S.C. § 1158(b)(l)(B)(i).
Petition for review DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.